**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| LUIS LIMON, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. G-07-0274 |
| § | |
| BERRYCO BARGE LINES, L.L.C., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

In this admiralty case, one of the defendants, Hackco, Inc., seeks summary judgment dismissing the claims asserted against it by the plaintiffs, Luis Limon and Manuel Olivarez, Jr., and the cross-claims asserted by some of the defendants, Kaiser Francis Oil Co., Brammer Engineering, Inc., and Unit Texas Drilling, LLC. Based on the motion, the pleadings, the record, and the applicable law, this court grants the motion. By separate order, this court enters final judgment as to the claims against this defendant. The reasons for this ruling are set out below.

**I.     Background**

On January 9, 2007, the plaintiffs, employees of the defendant, Unit Texas Drilling, were on a work boat traveling to work on a drilling rig. During the trip, the work boat struck a fixed pipeline platform owned and operated by SL Production Company, L.L.C. and/or Kaiser Francis Oil Company. In their third amended complaint, the plaintiffs allege that the captain of the work boat was drinking when the collision occurred and may have been

intoxicated. The plaintiffs allege that defendants Hackco, Inc. and Berryco Barge Line, Inc. were the "owners and/or operators" of the work boat and employed that vessel's captain through his employer, Steve's Marine. The third amended complaint alleged in the alternative that the work boat captain was a borrowed employee of Hackco and/or Berryco. The complaint asserted that Hackco was negligent and negligent per se by entrusting the work boat to this captain, failing to correct an open and obvious hazard, and failing to implement, follow, and enforce proper safety procedures. Codefendants Kaiser Francis Oil Co., Brammer Engineering, Inc., and Unit Texas Drilling, LLC, have filed crossclaims against Hackco for contribution and indemnity.

Hackco seeks summary judgment on the basis that the undisputed evidence in the summary judgment record shows that it did not own, operate, or provide the crew for the work boat and that no other basis for liability has been identified. No response has been filed.

## II.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an

absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "'An issue is material if its resolution could affect the outcome of the action.'" *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by 'only a 'scintilla' of evidence.'" *Little*, 37 F.3d at 1075 (internal citations omitted).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255 (citation

omitted). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.    Analysis

Hackco has submitted an affidavit of its owner, Allen Devall. In his affidavit, Devall states that Hackco had no ownership interest in the work boat and no involvement in or responsibility for its crew, its operation, or its maintenance. Hackco also submitted documents, with an affidavit from the CPA and an owner of the Berryco Barge Line, showing that the work boat was owned by the Berryco Barge Line and rented by Duphil Construction at the relevant time. (Docket Entry No. 43, Exs. C-F).

Unless Hackco owned, operated, or otherwise had involvement in or responsibility for the crew or the maintenance of the work boat, there is no basis for the claims asserted against it. The elements of a maritime negligence cause of action are essentially the same as land-based negligence under the common law. *See Withhart v. Otto Candies, L.L.C.,* 431 F.3d 840, 842 (5th Cir. 2005), citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 409, 3 L.Ed.2d 550 (1959); *Canal Barge Co., Inc.,* 220 F.3d at 376-77; 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 182-93 (4th ed.2004) (discussing the elements in depth). To prevail on a negligence claim in Texas, a plaintiff must establish three elements: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach," with duty as the

threshold inquiry. *Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000), citing *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Absent an ownership interest or involvement in or responsibility to operate, crew, or maintain the vessel, there is no duty owing by Hackco and no causal link between any act or omission by Hackco and the incident or damages alleged. Because these are essential elements of the claims and crossclaims asserted against Hackco, those claims and crossclaims fail as a matter of law.

Hackco's motion for summary judgment is granted.

**IV.     Conclusion**

The claims and crossclaims against Hackco are dismissed. Final judgment is entered by separate order under Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED on May 23, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge