# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| LUIS LIMON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-0274 |
| | § | |
| BERRYCO BARGE LINES, L.L.C., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiffs, Luis Limon and Manuel Olivarez, Jr., filed this personal-injury suit on the basis of admiralty and maritime jurisdiction under 28 U.S.C. § 1333. The plaintiffs' third amended complaint designates this suit as an admiralty proceeding under FED R. CIV. P. 9(h). The defendant, Berryco Barge Lines, LLC, filed a limitation of liability suit under 46 U.S.C. § 30501 *et seq.*, which was consolidated with the plaintiffs' case.

Limon and Olivarez now move for voluntary dismissal of one of the defendants, Duphil, Inc., and for leave to file a fourth amended complaint. (Docket Entry No. 46). If Duphil is dismissed, all remaining parties would be diverse. Limon and Olivarez seek leave to file an amended complaint that removes their Rule 9(h) designation, invokes diversity jurisdiction, and demands a jury trial. Berryco objects to the jury demand. Berryco argues that Limon and Olivarez cannot demand a jury because they chose to file this action in admiralty under Rule 9(h); there is no right to a jury trial in a limitation proceeding; and the jury demand is untimely. Limon and Olivarez filed a reply to Berryco's objection.

Based on a careful review of the pleadings; the motion, reply, and response; the record; and the applicable law, this court denies the plaintiffs' motion on the basis of the current record.

**I.     Background**

On January 9, 2007, Limon and Olivarez, employees of the defendant, Unit Texas Drilling, were on a work boat traveling to a drilling rig. During the trip, the work boat struck a fixed pipeline platform owned and operated by SL Production Company, L.L.C. and/or Kaiser Francis Oil Company. In their third amended complaint, the plaintiffs allege that the captain of the work boat was drinking when the collision occurred and may have been intoxicated. The plaintiffs alleged that defendants Berryco and Hackco, Inc. were the "owners and/or operators" of the work boat and employed that vessel's captain through his employer, Steve's Marine. They alleged in the alternative that the work boat captain was a borrowed employee of Berryco and/or Hackco. The complaint asserted that Berryco and Hackco were negligent and negligent *per se* in entrusting the work boat to this captain, in failing to correct an open and obvious hazard, and in failing to implement, follow, and enforce proper safety procedures. On May 23, 2008, this court granted Hackco's motion for partial summary judgment and entered final judgment dismissing Hackco from the case.

On November 14, 2007, Berryco filed a limitation of liability action. That case was initially assigned to another judge in this district and division. At a status conference, the parties agreed to consolidate the two actions in the earlier-filed case. The two actions were consolidated in this court on November 21, 2007.

On December 11, 2007, this court issued an order that stayed and enjoined all legal proceedings for any claim or demand against Berryco or the *M/V NIKKI D* arising out of the January 9, 2007 incident. (Docket Entry No. 27). The order required that all claims for loss, destruction, damage, injury, or death occasioned by or resulting from the incident be filed by February 15, 2008. (*Id.*). Codefendants Kaiser Francis Oil Co., Brammer Engineering, Inc., and Unit Texas Drilling, LLC, filed crossclaims against Berryco for contribution and indemnity on January 31, 2008. (Docket Entry No. 36).

## II. The Motion for Leave to File the Fourth Amended Complaint

The Shipowner's Limitation of Liability Act, codified at 46 U.S.C. § 30501 *et seq.*, limits a shipowner's liability for a maritime loss or accident to the value of the ship and her pending freight. *Id.* § 30505. If this amount is "insufficient to pay all losses in full, and the portion available to pay claims for personal injury or death is less than $420 times the tonnage of the vessel, that portion shall be increased to $420 times the tonnage of the vessel. That portion may be used only to pay claims for personal injury or death." *Id.* § 30506. When a shipowner files a complaint in admiralty to limit its liability and deposits with the court an amount equal to its "interest in the vessel and pending freight, . . all claims and proceedings against the owner related to the matter in question [except the limitation action] shall cease." *Id.* § 30511. The federal district court stays related claims against the shipowner and requires claimants to assert their claims in the limitation action. *Magnolia Marine Transp. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). As stated by the Supreme Court in *The San Pedro*:

> [A]fter [limitation] proceedings have been commenced in the proper district court in pursuance thereof, the prosecution *pari passu* of distinct suits in different courts, or *even in the same court by separate claimants*, against the shipowners, is, and must necessarily be, utterly repugnant to such proceedings, and subversive of their object and purpose.

223 U.S. 365, 373 (1912) (internal citations and quotation marks omitted) (emphasis added).

The limitation action channels all claims into one proceeding, establishing a "concursus" of all claims. *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 414 (1954). A limitation proceeding is conducted before the court in admiralty, without a jury. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001) (a claimant in a limitation of liability suit has no right to a jury trial). If the court determines that the limitation of liability applies, the limited funds on deposit are allocated *pro rata* to the claimants. If a shipowner fails to establish its right to the limitation of liability, the "damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause [of 28 U.S.C. § 1333]." *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969). Because Section 1333 saves "to suitors in all cases all other remedies to which they are otherwise entitled," 28 U.S.C. § 1333, when limitation is denied "claimants may elect to proceed with their original actions before any jury authorized and demanded in those actions." *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 450 (4th Cir. 1999).

The Supreme Court has stated that the Shipowner's Limitation of Liability Act is not an "offensive weapon" and should not be used by shipowners to "deprive suitors of their

4

common-law rights . . . where the limitation fund is known to be more than adequate to satisfy all demands upon it." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957). "The court's primary concern" in a limitation proceeding "is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine*, 964 F.2d at 1575. There are two situations in which the shipowner's rights are protected, such that the district court can lift a stay on a related proceeding "despite a pending limitation action: (1) when the total amount of the claims does not exceed the vessel's declared value; and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation action, and *all claimants* stipulate that they will not seek to enforce a judgment exceeding the declared value until the federal court has determined the shipowner's rights in the limitation action." *In re Kirby Marine, L.P.*, 237 F.Supp.2d 753, 755 (S.D. Tex. 2002) (citing *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996)).

Limon and Olivarez argue that the existence of the limitation proceeding does not stay their lawsuit and has no effect on their motion to for leave to file a fourth amended complaint. Because consolidated actions are not "merge[d] . . . into a single cause" but retain their separate character, *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933), Limon and Olivarez argue that the limitation action does not cut off their right to a jury trial in their damages suit. Limon and Olivarez argue that even if their damages suit was subject to stay because of the pending limitation action, they have met the requirement for lifting the stay by submitting the necessary stipulation. On June 24, 2008, Limon, Olivarez, and Porfirio

5

Montalvo[1], filed a "Claimants' Stipulation." The stipulation concedes this court's exclusive jurisdiction over the limitation action; states that the claimants will not seek any judgment or ruling on Berryco's limitation of liability; waives any claim that judgment in their damages lawsuit will have a *res judicata* effect on the limitation proceeding; and states that the claimants will not seek to enforce a judgment exceeding the limitation value. (Docket Entry No. 49).

The plaintiffs' damages lawsuit was stayed by this court's Order for Monition and Enjoining Suits, entered on December 11, 2007. (Docket Entry No. 27). After Berryco filed its limitation action, under 46 U.S.C. § 30511, that order stayed and enjoined:

> any and all suits, actions or legal proceedings of whatsoever nature, wherever filed any by whosoever filed, except in the present proceedings, in respect of any claim or demand against Berryco Barge Line, LLC or the *M/V NIKKI D* herein, or any combination of the them, arising out of and occasioned by or incurred as a result of the incident on January 9, 2007, or otherwise arising upon the voyage on which the *M/V NIKKI D* was then engaged . . . until the hearing and termination of this proceeding.

(Docket Entry No. 27). Limon and Olivarez assert that their lawsuit was not stayed or enjoined by this Order because it excluded "the present proceedings." The Order was issued for the case styled "In the Matter of the Complaint and Petition of Berryco Barge Line LLC, as owner of the M/V NIKKI D for Exoneration from or Limitation of Liability." (*Id.*). Although the plaintiffs' damages action was later consolidated into the limitation action, the

---

[1] A former plaintiff in this lawsuit who was voluntarily dismissed by an order dated September 17, 2007. (Docket Entry No. 16).

Order's reference to "the present proceedings" was to the limitation action, not the plaintiffs' lawsuit. Granting plaintiffs' lawsuit an exception from the stay would be contrary to 46 U.S.C. § 30511, which states that "*all* claims and proceedings against the owner related to the matter in question shall cease." (emphasis added).

In a limitation proceeding, all claimants, including codefendants asserting cross-claims for contribution or indemnity against the shipowner, must enter certain stipulations to have the stay over related proceedings lifted. *See Odeco Oil & Gas*, 74 F.3d at 675 ("cross-claims for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act . . . [t]herefore, parties seeking indemnification and contribution from a shipowner must be considered claimants"). In *Odeco Oil & Gas*, the court held that a stipulation signed only by the personal injury claimants, and not by companies seeking contribution and indemnity, did not adequately protect the shipowner's right to limit its liability. *Id.*

In this case, codefendants Kaiser Francis Oil Co., Brammer Engineering, Inc., and Unit Texas Drilling, LLC, did not agree to the "Claimant's Stipulation" and have not submitted such a stipulation. In the absence of a sufficient stipulation executed by *all* claimants, this court cannot lift the stay because Berryco's right to limit its liability under the Act will not be sufficiently protected.

### III. Conclusion

Plaintiffs's lawsuit against Berryco is stayed pending completion of Berryco's limitation action within this consolidated proceeding. The plaintiffs' motion for voluntary

7

dismissal of Duphil is granted.  The plaintiffs' motion for leave to file a fourth amended complaint is denied without prejudice.  If the steps necessary to allow this court to lift the stay of related proceedings are taken, Limon and Olivarez may reurge their motion.

SIGNED on October 2, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge