# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| LUIS LIMON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-0274 |
| | § | |
| BERRYCO BARGE LINES, L.L.C., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiffs, Luis Limon and Manuel Olivarez, Jr., filed a personal-injury suit on the basis of admiralty and maritime jurisdiction under 28 U.S.C. § 1333. Limon and Olivarez alleged that they were injured while traveling on a work boat that struck a fixed pipeline platform, and that the collision occurred because the work boat captain was intoxicated. Berryco Barge Lines, LLC, the boat's owner, sued under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. The suits were consolidated. The claims against Berryco in the plaintiffs' personal-injury suit have been stayed. Under the Act, when a shipowner files a limitation action and deposits with the court an amount equal to its "interest in the vessel and pending freight, . . . all claims and proceedings against the owner related to the matter in question shall cease." *Id*. § 30511.

This court granted Berryco's motion for leave to file a third-party complaint against Double Eagle Marine, LLC. (Docket Entry No. 72). Berryco's third-party complaint alleged that Double Eagle's negligence caused or contributed to the accident. Berryco alleged that Double Eagle is the "owner and/or operator of a barge that was moored to the fixed platform with which" Berryco's boat

collided. (Docket Entry No. 68). Berryco alleged that the barge was not properly lit and that its boat initially struck the barge, causing it to collide with the fixed pipeline platform.

Nonparty representatives of Double Eagle, Shawn Pourciau and the individual at Double Eagle with the most knowledge of the barge at issue, were served with a subpoena duces tecum to appear for a deposition in Lake Charles, Louisiana. The subpoena was issued the federal district court in Louisiana. Pourciau and the Double Eagle representative with relevant knowledge have moved to quash the subpoena under Rule 45 of the Federal Rules of Civil Procedure. (Docket Entry No. 79).

Rule 45 allocates authority over subpoenas to the court for the district from which they are issued. *See* FED. R. CIV. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena" that is improper.). "[O]nly the issuing court has the power to act on its subpoenas." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998); *see also Wells v. GC Services LP*, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) ("[T]his court is not the proper court to quash or modify the subpoenas, which all issued from other courts."); *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 893 (S.D. Ind. 2006) (a court sitting in the district where the subpoena was issued and where responsive documents are located is the "proper forum to rule on a motion to enforce the subpoena duces tecum"); 9A CHARLES A. WRIGHT *et al*, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008) ("Under Rule 45 as it currently reads, motions to quash, modify, or condition the subpoena are made in the district court in the district from which the subpoena issued. This is quite logical since it is the issuing court that has the needed jurisdiction to enforce the subpoena, and therefore is the logical forum for altering its terms or rendering it nugatory.").

"[W]hile the issuing court has exclusive jurisdiction to rule on objections to a deposition subpoena, the issuing court 'may in its discretion remit the matter to the court in which the action is pending. FED. R. CIV. P. 26(c). Absent such a transfer, however, the [trial court] lacks jurisdiction to rule on [the] objections. . . .'" *Avance v. Kerr-McGee Chemical LLC*, 2005 WL 5315654, at *4 (E.D.Tex. Aug. 9, 2005) (quoting *In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir.1991)).

Some courts have interpreted the text of Rule 45 as "offer[ing] no authorization to transfer a motion to quash and seem[ing] at least implicitly to forbid it." *In re Sealed Case*, 141 F.3d at 341; *see also In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (rejecting transfer of discovery disputes); *Prosonic Corp. v. Baker*, 2008 WL 1766887, at *1–2 (S.D. Ohio Apr. 7, 2008) ("It is clear that this Court cannot shirk its responsibility to decide issues arising from the service of a subpoena . . . simply by transferring the proceedings to the court in which the underlying litigation is pending."). Other decisions have upheld an issuing court's authority to transfer a discovery motion to the district where the underlying litigation is pending. *See*, *e.g.*, *In re Digital Equip. Corp.*, 949 F.2d at 231 (court issuing subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (finding nothing improper where the court issuing the subpoena transferred a motion to compel to district with jurisdiction over underlying litigation); *see also* 9A CHARLES A. WRIGHT *et al*, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008) ("[I]t also is within the discretion of the district court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending.").

Absent a transfer from the Louisiana district court that issued the subpoena, this court lacks jurisdiction over the motion to quash the Rule 45 subpoena. The motion is denied, without prejudice to refiling in the issuing court.

SIGNED on May 13, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge