# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| LUIS LIMON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-0274 |
| | § | |
| BERRYCO BARGE LINES, L.L.C., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiffs, Luis Limon and Manuel Olivarez, Jr., filed a personal-injury suit based on admiralty and maritime jurisdiction under 28 U.S.C. § 1333. Limon and Olivarez alleged that they were injured while traveling on a work boat that struck an unlit barge and the attached pipeline platform. The plaintiffs allege that the collision occurred because the work boat captain was intoxicated. Berryco Barge Lines, LLC, the boat's owner, filed an action under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* The suits were consolidated. The claims against Berryco in the plaintiffs' personal-injury suit have been stayed under § 30511. Berryco has moved for leave to amend its crossclaims against codefendants Kaiser Francis Oil Co. and SL Production Company, LLC and to file a new crossclaim against Brammer Engineering, Inc. (Docket Entry No. 125). Kaiser Francis, SL, and Brammer have responded. (Docket Entry No. 126).

Berryco states that it is seeking to amend its claims against Kaiser Francis and SL and add claims against Brammer at this late stage because it was not until February 2010 that deposition testimony revealed that Brammer was responsible for positioning the barge Berryco's driver hit. (*Id.*. at 2). The proposed amended complaint would add the following paragraph:

> Defendant, Brammer Engineering, Inc., on behalf of Kaiser Francis Oil Co. and/or SL Production Company, LLC, controlled barge movements to and from the pilings adjacent to the Kaiser Francis/SL Production Co. platform and it was responsible for renting, leasing, or otherwise chartering the unlit barge that was struck by the NIKKI 'D' on the night of the incident forming the basis of this lawsuit. As such, Brammer Engineering, Inc. knew or should have known that these pilings would be used by vessels, including the subject unlit barge, and was responsible for monitoring, supervising and controlling their use by vessels, such as the subject unlit barge.

(Docket Entry No. 125-3 at 3). The amended complaint would also add allegations that Kaiser Francis, SL, and Brammer acted improperly "(ii) by negligently allowing a third party or parties to moor unlit vessels, such as the barge in this case, to their fixed platform, thereby creating hazards to navigation, and/or (iii) by negligently failing to control, supervise, monitor and patrol the use of their fixed platform by third parties who moor unlit vessels to it, such as the barge in this case, which create hazards to navigation." (*Id.* at 3-4).

On May 3, 2010, this court entered an amended scheduling order giving the parties until July 23, 2010 to amend pleadings and add new parties. (Docket Entry No. 131). Because that deadline has not yet passed, good cause need not be shown to obtain leave to amend. *Cf. Saldivar v. Texas Dept. of Assistive & Rehabilitative Services*, No. H-08-1820, 2009 WL 3386889 (S.D. Tex. Oct. 13, 2009) (collecting cases for the proposition that good cause is required to amend *after* the deadline in the scheduling order has passed). Leave to amend under Rule 15(a) is freely given but is "by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). In deciding whether to grant leave to file an amended pleading, a district court may consider factors such as undue delay, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In this case, Berryco has explained the reason for its need to amend. In February 2010, it

obtained new information about who operated the barge. The deposition testimony cited by Kaiser Francis, SL, and Brammer does not establish that Berryco knew Brammer was in control of the Barge earlier than the February deposition. And the new allegations about Kaiser Francis and SL are not based on different facts than those asserted in the earlier pleadings. The new allegations provide additional detail about Berryco's claims. Finally, the amended complaint will not unfairly prejudice the defendants because the discovery cutoff was extended to October 29, 2010. Kaiser Francis, SL, and Brammer joined in the April 28, 2010 motion requesting that the deadlines in this case, including the deadlines for amending pleadings and adding parties, be extended. (Docket Entry No. 128). Finally, there has been no showing that the amendments would be futile.

    Berryco's motion for leave to amend is granted.[1]

    SIGNED on May 14, 2010, at Houston, Texas.

                                            Lee H. Rosenthal
                                      United States District Judge

---

[1] Berryco has also moved for leave to amend its Third-Party Complaint against Inland Barge Rentals, Inc. and Garber Brothers, Inc. to add a claim for reimbursement of $12,266.65 in platform repair costs paid by Berryco. (Docket Entry No. 124). No response has been filed. Under the Rule 15(a) factors, this amendment is also appropriate. There is no evidence of undue delay, prejudice to any party, or futility. The motion is granted.