IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS LIMON, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-07-0274 |
| BERRYCO BARGE LINES, L.L.C., *et al.*, | § § § | |
| Defendants. | § | |

**ORDER**

Double Eagle moved to dismiss the third-party complaints filed by Kaiser–Francis Oil Company, SL Production Company, Brammer Engineering, and Berryco Barge Lines, on the basis that collateral estoppel bars the claims raised in the third-party complaints. Though Double Eagle attached documents to its motion to dismiss, and the nonmovants did the same in their responses, Double Eagle did not move for summary judgment.

In considering a Rule 12(b)(6) motion to dismiss, a court generally must limit itself to the pleadings, with an exception. *In Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that such consideration is limited "to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99). When other "matters outside the pleadings" are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those materials, but does not require them to do so. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir.

1999); *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988). A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate decision. *Isquith*, 847 F.2d at 193 n.3 (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)). If the court decides to consider such material, then the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d). If the court accepts matters outside the pleading and converts the motion to dismiss into one for summary judgment, the court must give the parties notice of the changed status of the motion and a "'reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.'" *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 38 (2d Cir. 1990) (quoting former FED. R. CIV. P. 12(b)).

The Fifth Circuit has held that "'generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. Dec. 23, 2008) (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)). The Fifth Circuit has recognized two exceptions. First, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Ins. Co. v. Stewart Title Co.*, 20 F.3d 1362 (5th Cir. 1994). Second, the Fifth Circuit has held that there is no reversible error when the trial court treats a Rule 12(b)(6) motion based on issue or claim preclusion as a motion for summary judgment. *Risby v. United States*, No. Civ. A. 3:04-CV-1414-H, 2006 WL 770428, at *5 (N. D. Tex. Mar. 7, 2006) (citing *Moch v. E. Baton Rouge Parish Sch.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977)).

Double Eagle's motion to dismiss, (Docket Entry No. 154), is converted to a motion for summary judgment. The parties may supplement the record no later than January 15, 2011.

SIGNED on December 21, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge